# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 19-04031-01-CR-C-BCW |
| **WESLEY BRIAN KASTER**, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through Timothy A. Garrison, the United States Attorney for the Western District of Missouri, and respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on July 13, 2020. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Wesley Kaster, to 60 months' incarceration and three years' supervised release on Count 1 and a concurrent sentence of 12 months' incarceration and one year supervised release on Count 2.

## I.    BACKGROUND

On November 21, 2019, pursuant to a plea agreement, Kaster entered a guilty plea to a Superseding Information alleging a violation of 18 U.S.C. § 844(f)(1), that is, explosive materials – malicious damage to federal property, in Count 1 and with a violation of 18 U.S.C. § 248(a)(3), that is, freedom of access to clinic entrances, in Count 2. The facts recited in the Pre-Sentence Investigation Report (PSR) accurately reflect the facts relevant to this offense. The Court accepted Kaster's plea on December 18, 2019.

Over a period of days, Kaster manufactured an explosive device, a Molotov cocktail.  On February 10, 2019, Kaster broke the glass in the north entry door of Planned Parenthood, 711 N. Providence Road, Columbia, Missouri, and threw the explosive device into the facility.  The Columbia Fire Department investigated the damage caused by the explosive device that Kaster deployed and collected evidence.  Kaster took these actions because Planned Parenthood provided reproductive health services at 711 N. Providence Road, Columbia, Missouri, a total sentence of 60 months (concurrent 60-month and 12-month sentences) will protect the public, promote respect the law, deter further criminal conduct and provide a just punishment for Kaster's conduct.

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---:|
| **Base Offense Level: § 2K1.4(a)(1)(A)** | **24** |
| **Acceptance of Responsibility § 3E1.1(a)** | **-3** |
| **Total Offense Level** | **21** |
| **Criminal History Level** | **I** |
| **Guidelines Range** | **60 months** |

There are no objections to the calculation of the guidelines.  The guideline range of 37-46 months was superseded by the mandatory minimum sentence on Count 1.  An analysis of the § 3553(a) factors confirms that Kaster should be sentenced to a total incarceration of 60 months followed by three years' supervised release.

## II.   DISCUSSION

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range.  *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 728, 930 (8th Cir. 2006); and United States Sentencing Commission, Guidelines Manual, § 1B1.1(a).  Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory

Guidelines sentencing range. *Plaza*, 471 F.3d at 930; and USSG § 1B1.1(b). After calculating the advisory Guidelines range, the Court must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930; and USSG § 1.1B1(c).

A.     *Application of the § 3553(a) Factors*

Prior to imposing sentence, the Court is required to consider Kaster's history and characteristics, 18 U.S.C. § 3553(a)(1), whether a particular sentence is necessary to protect the public from his further crimes, 18 U.S.C. § 3553(a)(1)(C), the nature and circumstances of Kaster's offense of conviction, 18 U.S.C. § 3553(a)(1), the type of sentence called for by statute and the advisory Guidelines, 18 U.S.C. §§ 3553(a)(3) and (a)(4), the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the type of sentence needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

In this case, the Court should impose a sentence of 60 months to protect the public, promote respect for the law and incapacitate Kaster from committing additional crimes. Upon consideration of Kaster's history and characteristics and the nature and circumstances of his offense, a sentence of 60 months' incarceration and three years' supervised release will also provide just punishment for the offense.

   1.     **Kaster's History and Characteristics**

Kaster will be 43 years old when the Court imposes his sentence. Kaster has no history of mental or physical health issues, but has regularly used alcohol and marijuana. Implements used to grow marijuana were seized from Kaster's residence in connection with this investigation. Kaster has no criminal history and served in the United States Navy from 1998 until March 2006.

3

Kaster has been terminated from three jobs since leaving military service, but appears to have marketable skills.

### 2. The Need to Protect the Public from Kaster's Future Crimes

Kaster's conduct has exposed the community to an unacceptable risk of danger. His use of an explosive device was intended to prevent access to a health care clinic receiving federal funding. Kaster manufactured this device in his basement shop with materials purchased in Columbia. The imposition of a total sentence of 60 months will protect the public, promote respect for the law, deter Kaster and others from committing additional crimes, and provide just punishment.

### 3. The Nature and Circumstances of Kaster's Offense

Kaster's crime, which was motivated by his personal beliefs about reproductive health care, prevented patients of the Columbia Health Clinic from receiving a variety of health care services for approximately one week as the result of the arson he committed and caused significant physical damage to the facility. This Court and society cannot tolerate the use of violence to achieve desired policy outcomes. This is the antithesis of everything for which the best ideals of this nation have always stood. These circumstances demand that the Court impose a total sentence of 60 months to protect the public, promote respect for the law, deter Kaster and others from using violence, and provide just punishment for the crime.

### 4. The Need to Afford Adequate Deterrence to Criminal Conduct

Deterrence is both general and specific. This Court has the authority to impose a sentence that specifically incapacitates Kaster from committing additional crimes for the term of his imprisonment and period of supervised release. To the extent that others are paying attention, the goal of general deterrence will also be achieved.

### 5. Balancing of All § 3553(a) Factors

On balance, after weighing the relevant §3553(a) factors the Government recommends that the Court impose a total sentence of 60 months followed by three years' supervised release.

## B. *Recommended Sentence for Monetary Penalties*

### 1. Fine

The Government recommends that the Court waive imposition of a fine.

### 2. Special Assessment

The $100 Special Assessment is mandatory, and is due in full no later than the date of sentencing.

## III. CONCLUSION

The Government respectfully submits that a total sentence of 60 months followed by three years' supervised release constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Timothy A. Garrison**
United States Attorney

By          /S/

**Michael S. Oliver**
Assistant United States Attorney
Missouri Bar No. 41832

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 2, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/S/
**Michael S. Oliver**
Assistant United States Attorney